United States District Court
Southern District of Texas
**ENTERED**
December 12, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| AGUSTIN ACOSTA-MARTINEZ, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:18-cv-116 |
| | § | |
| MIKE POMPEO, | § | |
| Defendant | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

For the reasons provided below, it is recommended that the Court **DISMISS** this civil action, without prejudice.

## I. Discussion

Plaintiff Agustin Acosta-Martinez filed his "Complaint for Declaratory Relief and for Hearing on Claim of United States Citizenship" on April 16, 2018. Dkt. No. 1. On August 30, 2018, the Court issued an Order to Show Cause, noting that Plaintiff had failed to timely serve Defendant, and had also failed to appear at the initial pretrial conference set for August 29, 2018. Dkt. No. 6 at 1. The Court ordered Plaintiff to appear on September 4, 2018 and show cause as to why his case should not be dismissed for failure to prosecute. *Id*. Plaintiff moved to reset the show cause hearing. Dkt. No. 7. The Court struck Plaintiff's motion because it failed to comply with the Local Rules for the United States District Court for the

Southern District of Texas.   Dkt. No. 9.   The Court granted Plaintiff's renewed motion for a continuance.   Dkt. No. 12.

At the show cause hearing, Plaintiff failed to show good cause for neglecting to timely serve Defendant, attributing his failure to inadvertence and/or mistake. *See* Dkt. No. 13 at 1; *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (noting that, to show good cause, the plaintiff must minimally demonstrate excusable neglect, which is not typically shown by ignorance of the rules, inadvertence, or mistake) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993) (per curiam)); *Robinson v. Hadavi Enterprises, Inc.*, No. EP-17-CV-44-DB, 2017 WL 8182751, at *1 (W.D. Tex. June 23, 2017) (same).   Despite this, the Court exercised its discretion and granted Plaintiff additional time to serve Defendant, provided he do so on or before September 25, 2018.   Dkt. No. 13.   The Court notified Plaintiff that a failure to serve Defendant by September 25th would subject his case to dismissal for failure to prosecute.   *Id*.

Plaintiff attempted to serve Defendant prior to September 25, 2018.   *See* Dkt. No. 15.   Unfortunately, his attempt failed because he neglected to follow the requirements laid out in the Federal Rules of Civil Procedure.   As noted in a letter sent from Assistant United States Attorney, Annalisa L. Cravens, to Plaintiff's counsel, Plaintiff's attempt at service failed to comply with Rule 4(i)(1)(A) and (B) of the Federal Rules of Civil Procedure.   *See* Dkt. No. 16; FED. R. CIV. P. 4(i)(1)(A) and (B).   Craven's letter provided Plaintiff with instructions regarding how to properly serve Defendant.   Dkt. No. 16 at 1, 3-4.   Cravens sent Plaintiff's counsel the letter on or about November 6, 2018.   *Id*.

Over a month later, Plaintiff's counsel appeared for the initial pretrial conference which had been reset to December 11, 2018. *See* Minute Entry Dated December 11, 2018.[1] Plaintiff's counsel acknowledged having received Craven's letter, but stated that he had not yet renewed his attempts to serve Defendant. He provided no excuse for his failure and did not seek leave to attempt service late. Instead, he stated that he would be serving Defendant in the future. The Court notified him that it would recommend dismissal of this civil action. *Id*.

To date, Plaintiff has not sought leave to serve Defendant late, nor has he shown good cause for his prior failures and delay. Accordingly, it is recommended that the Court dismiss this civil action. *See Greene v. 1st Lake Properties, Inc.*, No. CV 18-4927, 2018 WL 5631420, at *1 (E.D. La. Oct. 31, 2018) ("Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a complaint based on insufficient service of process. 'In the absence of valid service of process, proceedings against a party are void.' *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)."). This dismissal should be without prejudice. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (dismissal with prejudice is "warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice.") (citations and quotation omitted); *Mitchell v. Isidore Newman Sch.*, No. CV 17-558, 2017 WL 3620813, at *3 (E.D. La. Aug. 23, 2017) (noting that the Fifth Circuit mandates the presence of at least one of three aggravating factors for dismissals with prejudice: "(1) delay caused by [the] plaintiff himself and not his

---

[1] Defendant did not appear because he has not been properly served and has not waived service. Dkt. No. 16 at 2.

attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.") (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326).

## II.     Recommendation

For the foregoing reasons, it is recommended that the Court **DISMISS** this civil action, without prejudice.

## III.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 12th day of December, 2018.

Ignacio Torteya, III
**United States Magistrate Judge**